# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs September 14, 2011

## STATE OF TENNESSEE v. WILLIE MICHAEL RICHARDSON

### Appeal from the Circuit Court for Warren County
### No. F12450    Larry B. Stanley, Jr., Judge

### No. M2011-00285-CCA-R3-CD - Filed October 4, 2011

The appellant, Willie Michael Richardson, pled guilty in the Warren County Circuit Court to initiating a process intended to result in the manufacture of methamphetamine, promoting the manufacture of methamphetamine, and evading arrest. The trial court merged the first two convictions and sentenced the appellant to twelve years in confinement. For the evading arrest conviction, the trial court sentenced the appellant to eleven months, twenty nine days to be served consecutively to the twelve-year sentence. On appeal, the appellant contends that his twelve-year sentence is excessive and that consecutive sentencing is improper. Based upon the record and the parties' briefs, we affirm the judgments of the trial court.

**Tenn. R. App. 3 Appeal as of Right; Judgments of the Circuit Court are Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which JERRY L. SMITH AND JAMES CURWOOD WITT, JR., JJ., joined.

L. Scott Grissom, McMinnville, Tennessee, for the appellant, Willie Michael Richardson.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; Lisa Zavogiannis, District Attorney General; and Joshua Crain, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

The appellant pled guilty to initiating a process intended to result in the manufacture of methamphetamine, a Class B felony; promoting the manufacture of methamphetamine, a Class D felony; and evading arrest, a Class A misdemeanor. At the guilty plea hearing, the State gave the following factual account of the crimes: On March 6, 2010, Officer Ben

Cantrell of the McMinnville City Police Department was on routine patrol and saw a car being driven by Charm Sullivan. The appellant was a passenger in the car, and Officer Cantrell knew the appellant had prior involvement with methamphetamine. The officer noticed that the appellant was not wearing a seatbelt and initiated a traffic stop. When Sullivan stopped the car, the appellant got out and fled. Sullivan was arrested on an outstanding warrant, and police found a Mason jar containing "broken down" pseudoephedrine underneath the passenger seat. They also found two blister packs of pseudoephdrine pills in the direction in which the appellant fled.

The trial court merged the promoting the manufacture of methamphetamine conviction into the initiating a process intended to result in the manufacture of methamphetamine conviction and scheduled a sentencing hearing. At the hearing, Officer Cantrell testified briefly that the appellant had a reputation for being involved with methamphetamine. The State introduced the appellant's presentence report into evidence. According to the report, the then thirty-year-old appellant was not married and had no children. He was suspended from high school but obtained his GED. In the report, he described his physical and mental health as "good" and stated that he began using alcohol, methamphetamine, and marijuana when he was fifteen years old. He also stated that he stopped using alcohol when he was twenty-four but continued using methamphetamine and marijuana until he was incarcerated in March 2010. The only employment the appellant reported was with Tennsmith for one month when he was eighteen years old and with the Berkline furniture plant sometime in 2001 or 2002.

The record reflects that the appellant's prior criminal history consists of three convictions of driving on a revoked license, two convictions of burglary of an automobile, and one conviction each of vehicular homicide, Class D felony theft, burglary, leaving the scene of an accident involving death, and possession of drug paraphernalia. The report shows that the appellant has violated probation several times previously and that he was on probation when he committed the crimes in this case.

In determining the length of the appellant's sentences, the trial court stated, "I'm going to consider the defendant's previous history of criminal convictions and activity within the probation and parole perimeter." The trial court read aloud the appellant's prior convictions and noted that his most recent crimes involved "horrible activity . . . [methamphetamine] is the scourge of our community." The trial court also noted that the appellant violated probation sentences in 2003, 2005, and 2009 and that he was on probation when he committed the crimes in this case. The trial court stated that the appellant's lengthy criminal history at only thirty years old "shows absolutely zero regard for the laws of the State of Tennessee or the judicial system in Tennessee as a whole." After considering the enhancement "factors," the trial court found no mitigating factors applicable and sentenced

the appellant as a Range I, standard offender to twelve years for the felony conviction and eleven months, twenty-nine days for the misdemeanor conviction.

Regarding consecutive sentencing, the trial court found that the appellant was an offender whose record of criminal activity is extensive and that the appellant was sentenced for offenses committed while on probation. See Tenn. Code Ann. § 40-35-115(b)(2), (6). The trial court stated that the appellant was a danger to society and that consecutive sentencing reasonably related to the offenses.

## II. Analysis

On appeal, the appellant contends that his twelve-year sentence is excessive and that consecutive sentencing is improper. The State argues that the trial court properly sentenced the appellant. We agree with the State.

Appellate review of the length, range, or manner of service of a sentence is de novo. See Tenn. Code Ann. § 40-35-401(d). In conducting its de novo review, this court considers the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement by the appellant in his own behalf; and (8) the potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-103(5), -210(b); see also State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991). The burden is on the appellant to demonstrate the impropriety of his sentence. See Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments. Moreover, if the record reveals that the trial court adequately considered sentencing principles and all relevant facts and circumstances, this court will accord the trial court's determinations a presumption of correctness. Id. at (d); Ashby, 823 S.W.2d at 169.

The appellant contends that the trial court's ruling is not entitled to a presumption of correctness and that his twelve-year sentence is excessive because "[w]hile it appears the Trial Court considered the Appellant's previous criminal history, and nature of the charges, the Trial Court doesn't make findings of fact as to how this relates to enhancement factors merely that they were considered." To the extent the appellant is arguing that the trial court should have specifically stated which enhancement factors it was applying, the better practice would have been for the trial court to have stated the number for each applicable enhancement factor and/or quoted the factor verbatim from our Code. Nevertheless, the trial court's comments demonstrate that it applied enhancement factors (1), that the appellant "has

a previous history of criminal convictions . . . , in addition to those necessary to establish the appropriate range"; (8), that the appellant "before trial or sentencing, failed to comply with the conditions of a sentence involving release into the community"; and (13), that at the time the appellant committed the felony, he was released on probation. See Tenn. Code Ann. § 40-35-114(1), (8), (13)(C). We agree that those factors applied to the appellant's felony sentence. Therefore, his twelve-year sentence is not excessive.

Regarding consecutive sentencing, the trial court found that consecutive sentencing was justified pursuant to Tennessee Code Annotated section 40-35-115(b)(2) and (6) for the appellant's being an offender whose record of criminal activity is extensive and his being sentenced for offenses committed while on probation. Again, we agree that both factors applied in this case. The trial court properly ordered consecutive sentencing.

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the judgments of the trial court.

_____
NORMA McGEE OGLE, JUDGE

-4-